## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RYAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>AUTOWEB, INC., MICHAEL J. FUCHS,<br>MATIAS DE TEZANOS, MARK N.<br>KAPLAN, JARED R. ROWE, JANET M.<br>THOMPSON, and JOSE VARGAS,<br><br>                    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE SECURITIES EXCHANGE<br>ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff John Ryan ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against AutoWeb, Inc. ("AutoWeb" or the "Company") and AutoWeb's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to a subsidiary of One Planet Group, LLC (collectively "One Planet").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on August 3, 2022. The 14D-9 recommends that AutoWeb stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby AutoWeb is acquired by One Planet. The Proposed Transaction was first disclosed on July 25, 2022, when AutoWeb and One Planet announced that they had

entered into a definitive merger agreement (the "Merger Agreement") pursuant to which One Planet will acquire all of the outstanding shares of common stock of AutoWeb for $0.39 per share per share (the "Merger Consideration"). The deal is expected to close by September 16, 2022.

3.    The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the financial projections prepared by AutoWeb management, potential conflicts of interest involving Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), financial advisor to the special committee of the Board ("Special Committee"), and the background of the Proposed Transaction.

4.    For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to AutoWeb's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.    Plaintiff is, and has been at all relevant times, the owner of shares of common stock of AutoWeb.

6.    Defendant AutoWeb is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 400 North Ashley Drive, Suite 300, Tampa, Florida 33602. AutoWeb common stock trades on the Nasdaq Capital Market under the ticker symbol "AUTO."

7.    Defendant Jared R. Rowe has been President, Chief Executive Officer, and a

director of the Company since 2018.

8.     Defendant Michael J. Fuchs has been a director of the Company since 1996. Defendant Fuchs has served as Chairman of the Board since 1998.

9.     Defendant Matias de Tezanos has been a director of the Company since 2015.

10.     Defendant Mark N. Kaplan has been a director of the Company since 1998.

11.     Defendant Janet M. Thompson has been a director of the Company since 2008.

12.     Defendant Jose Vargas has been a director of the Company since 2015.

13.     Nonparty One Planet is a hybrid tech firm that runs a suite of online technology and media businesses. One Planet's principal executive offices are located at 1820 Bonanza Street, Walnut Creek, California 94596.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

15.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

16.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

17.    AutoWeb connects consumers looking to buy vehicles with sellers, including automotive dealers and manufacturers. The Company also provides consumers with online content and information to help them make informed car-buying decisions. AutoWeb primarily generates revenue from lead generation, that is, inquiries submitted to dealers by consumers.

18.    On July 24, 2022, the Company entered into the Merger Agreement with One Planet.

19.    According to the press release issued on Jul 25, 2022, announcing the Proposed Transaction:

**AutoWeb Announces Definitive Agreement to be Acquired by One Planet Group**

TAMPA, Fla., July 25, 2022 -- AutoWeb, Inc. (Nasdaq: AUTO) ("AutoWeb" or the "Company"), an automotive matchmaking platform connecting in-market car shoppers to their preferred vehicle transactions, announced that it has entered into a definitive merger agreement to be acquired by a subsidiary (the "Purchaser") of One Planet Group, LLC ("One Planet Group"), under which the Purchaser will pay a cash purchase price of $0.39 per share of AutoWeb. Payam Zamani, One Planet Group's CEO, will assume the role of President and CEO of AutoWeb, Inc., and Jared Rowe will transition out of the business.

"Not many founders get the opportunity to return to a company that they helped create. AutoWeb has been a pioneer in the online automotive industry and in many ways directly influenced its evolution," stated Payam Zamani, CEO of One Planet Group. "It is now time for the company to experience an evolution to prepare for the challenges and the opportunities in the automotive industry of tomorrow."

The acquisition, which has been approved by the Company's Board of Directors, based on the recommendation of a Special Committee of the Board consisting of independent, disinterested directors, is structured as a two-step merger, with the first step being a tender offer for all issued and outstanding shares of AutoWeb by

4

the Purchaser and the second step being a merger in which any shares of AutoWeb that were not tendered in the tender offer would be converted into the right to receive the same cash price per share as stockholders who tendered in the tender offer. The factors considered by the Special Committee and the Board are further described in the Current Report on Form 8-K filed by the Company on the date of this release. The parties have agreed to commence the tender offer by August 1, 2022.

The closing of the tender offer and acquisition are subject to customary closing conditions and other terms and conditions detailed in the merger agreement. The merger is expected to close by September 16, 2022.

**B. The Materially Incomplete and Misleading 14D-9**

20.     On August 3, 2022, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender his shares in favor of the Proposed Transaction.

> *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

21.     The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of Houlihan Lokey's fairness opinion, Houlihan Lokey reviewed "certain information relating to the historical, current and future operations, financial condition and prospects of the Company made available to Houlihan Lokey by the Company, including (a) financial projections prepared by the management of the Company relating to the Company's weekly cash flow forecast through the week ending September 30, 2022 (the "Cash Flow Projections") and (b) a liquidation analysis prepared by management of the Company (the "Liquidation Analysis")." Accordingly, the 14D-9

should have, but failed to, provide certain information in the projections that AutoWeb's management provided to the Board and Houlihan Lokey.

22.     Notably, the 14D-9 fails to disclose "financial projections prepared by the management of the Company relating to the future financial performance of the Company assuming the Company would be able to obtain financing on terms satisfactory to the Company and in an amount sufficient to fund the Company's operations[.]" The 14D-9 also fails to disclose the Liquidation Analysis.

23.     This omitted information is necessary for Plaintiff to make an informed decision on whether to tender his shares in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Houlihan Lokey's Potential Conflicts of Interest*

24.     The 14D-9 fails to disclose material information concerning potential conflicts of interest by Houlihan Lokey, specifically: (a) description of any other services Houlihan Lokey rendered to AutoWeb or One Planet (or their affiliates) in the two years preceding the date of its Proposed Transaction; and (b) the compensation Houlihan Lokey received for any such services.

### *Material Misrepresentations Concerning the Background of the Proposed Transaction*

25.     The 14D-9 fails to disclose whether the Company has entered into any confidentiality agreements which contain "don't-ask, don't-waive" standstill provisions which are precluding bidders from submitting a topping bid for the Company.

26.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces

irreparable harm, warranting the injunctive relief sought herein.

27.    In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

28.    Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

29.    Further, the 14D-9 indicates that on July 24, 2022, Houlihan Lokey reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to AutoWeb stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Houlihan Lokey's financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

30.    Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

31.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32.    Defendants have filed the 14D-9 with the SEC with the intention of soliciting AutoWeb stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

33.    In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of AutoWeb, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

34.    Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. ...." 15 U.S.C. § 78n(e).

35.    Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; (ii) potential conflicts of interest faced by Houlihan Lokey; and (iii) the background on the Proposed Transaction.

36.    Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that Houlihan Lokey reviewed and discussed its financial analyses with the Board during various meetings including on July 24, 2022,

and further states that the Board considered Houlihan Lokey's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

37.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## <u>COUNT II</u>

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

38.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.     The Individual Defendants acted as controlling persons of AutoWeb within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of AutoWeb and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

40.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

42.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

43.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

44.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.       Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.       Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C.       In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.       Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.       Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.       Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 14, 2022

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*